FILED
United States Court of Appeals
Tenth Circuit

October 2, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LEONARD BALDAUF,

        Plaintiff-Appellant,

v.

FRANCES GAROUTTE; EUGENE E.
ATHERTON; JOHN STONER;
STEVE SCHUH; CATHY SLACK;
VICKY RIDDLE; MIKE
ARELLANO; ED GILLESPIE;
DONALD MCCALL; GLORIA
BREIDENBACH; GARY PITTMAN;
MIKE WEBB; GERALD KNAPIC;
JOSEPH WILLIAM SIMS; DANIEL
GALLAGHER; DAVE LINAM;
KARRY PAINE; WILLIAM BEARD;
JAMES HALSTEAD; H. BENNETT;
CHARLES SHANNON; TOM
MARTIN; ELIAS RINCON; RON
LEYBA; JOHN HADLEY; ROBERT
STOCKMAN; GABE HERNANDEZ;
SEAN PRUITT; PAM KING; MATT
GOODWIN; JERRY AWMILLER;
RHONDA CORETTI; TERESA
REYNOLDS; DINEEN CRANDALL;
RICHARD FLORES; WESS
LEHMAN; JULIAN PADILLA;
CHRIS STARCER; GALE GRAHAM;
CHRISTIAN SNELSON; DAVID
SCHLOTTERER; WERMER;
SCAVARDA; LUSK; BELL; CAREY;
DECLUSIN; CORTEZ; E. MILLER;
JOE ORTIZ; LARRY REID; MORA;
RICHARD WRIGHT; DAN FOSTER;
THOMAS; AVANT; JAMES

No. 07-1452
(D.C. No. 1:03-CV-01104-REB-CBS)
(D. Colo.)

MICHAUD; DON LAWSON;
ZANDER; OWENS; PHILIPS;
BOB FLORES; AMY HOUGH;
BRAD ROCKWELL; CATHY
HOLST,

        Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

This is an appeal after remand of plaintiff-appellant Leonard Baldauf's

42 U.S.C. § 1983 civil rights case. The district court dismissed the § 1983 action

because of Baldauf's "failures to comply adequately with 28 U.S.C. § 1915 and

the court's orders regarding partial filing fee payments." R. Vol. II, doc. 237 at

2. Baldauf, appearing pro se, argues that 1) his motion for default should have

been granted; 2) his failure to pay the filing fee was the fault of his custodian, the

Colorado Department of Corrections (CDOC); 3) the district court improperly

treated his request for counsel as a request for private counsel when, in fact,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Baldauf requested an interim appointment of class counsel pursuant to Fed. R. Civ. P. 23(g); and 4) exhaustion should not bar his claims. Our jurisdiction arises under 28 U.S.C. § 1291. We review dismissal for failure to comply with court orders for abuse of discretion, *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Having found no such abuse, we affirm.

As mentioned above, Baldauf argues that CDOC failed to make payments on his behalf. That argument is foreclosed by *Cosby*, 351 F.3d at 1332 (refusing to excuse prisoner's failure to pay on this ground because "it was still Plaintiff's obligation to notice this lapse and not spend the money until the required payments were made to the court"). Baldauf's argument that since the court's last fee-payment order he has complied with § 1915 and, implicitly, should therefore be excused from prior payment defaults is similarly unavailing. The last order issued by the district court was not the first time Baldauf had been placed on notice that failure to make payment may result in dismissal without further notice. *See* Recommendation of United States Magistrate Judge, R. Vol. II, doc. 226 at 16.

Because we affirm the district court's dismissal of this action for failure to comply with 28 U.S.C. §1915, it is unnecessary for us to reach the other issues Baldauf raises on appeal. Baldauf's motion to proceed on appeal without prepayment of fees is GRANTED. Baldauf is reminded that he remains obligated to make partial payments to this court until the entire appellate filing fee is paid

in accordance with §1915(b).  The mandate shall issue forthwith.  This appeal counts as a strike against Plaintiff under 28 U.S.C. §1915(g).

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

07-1452, Baldauf v. Garoutte

**PORFILIO**, Circuit Judge

I concur in the judgment but respectfully dissent to the grant of IFP status.